UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 1:25-cv-22838-JEM

MIAMI FOURTH ESTATE, INC.,

    Plaintiff,

v.

VILLAGE OF KEY BISCAYNE, and
STEVEN WILLIAMSON, Village Manager,
in his official

    Defendants.

_____/

## DEFENDANT, VILLAGE OF KEY BISCAYNE'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Village of Key Biscayne ("Village") files Answer and Affirmative Defenses to the Complaint [ECF No. 1], filed by Miami Fourth Estate, Inc. ("Plaintiff") and states:

1.    Paragraph 1 is a legal conclusion to which no response is necessary. To the extent a response is necessary, the Village states that holding of *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748 (1976) speaks for itself.

2.    Paragraph 2 is a legal conclusion to which no response is necessary. To the extent a response is necessary, the Village states that holdings of *United States v. Nat'l Treas. Emps. Union*, 513 U.S. 454 (1995), and *Pickering v. Bd. of Educ. Of Twp. High Sch. Dist.*, 391 U.S. 563 (1968), speak for themselves.

3.    The Villages denies the allegations in Paragraph 3 and demands strict proof thereof.

4.    The Village is without knowledge as to the allegations within Paragraph 4 and thereby denies same and demands strict proof thereof.

5. The Village is without knowledge as to the allegations within Paragraph 5 and thereby denies same and demands strict proof thereof.

6. The Village is without knowledge as to the allegations within Paragraph 6 and thereby denies same and demands strict proof thereof.

7. The Village is without knowledge as to the allegations within Paragraph 7 and thereby denies same and demands strict proof thereof.

8. The Village is without knowledge as to the allegations within Paragraph 8 and thereby denies same and demands strict proof thereof.

9. The Villages admits only that the Village Manager previously issued a media policy ("Suspended Media Policy"), which has since been suspended. The Village denies the remaining allegations in Paragraph 9 and demands strict proof thereof.

10. The Village admits only that Paragraph 10 accurately quotes portions the Suspended Media Policy.

11. The Village denies the allegations of Paragraph 11 and demands strict proof thereof.

12. The Village denies the allegations of Paragraph 12 and demands strict proof thereof.

13. The Village denies the allegations of Paragraph 13 and demands strict proof thereof.

14. The Village denies the allegations of Paragraph 14 and demands strict proof thereof.

15. The Village denies the allegations of Paragraph 15 and demands strict proof thereof.

16. The Village denies the allegations of Paragraph 16 and demands strict proof thereof.

17. The Village is without knowledge as to the allegations within Paragraph 17 and thereby denies same and demands strict proof thereof.

18. The Village denies the allegations of Paragraph 18 and demands strict proof thereof.

19. The Village denies the allegations of Paragraph 19 and demands strict proof thereof.

20. The Village denies the allegations of Paragraph 20 and demands strict proof thereof.

21. The Village denies the allegations of Paragraph 21 and demands strict proof thereof.

## JURISDICTION AND VENUE

22. The Village admits only that Plaintiff purports to bring an action pursuant to 42 U.S.C. § 1983 and that the Court has federal question jurisdiction. The Village denies that Plaintiff has stated a cause of action.

23. Paragraph 23 is a legal conclusion that to which no response is necessary. To the extent a response is required, the Village denies that Plaintiff has stated a cause of action meriting such relief.

24. The Village admits only that venue is proper in this District but denies that Plaintiff has state a cause of action or is otherwise entitled to relief.

## PARTIES

25. The Village is without knowledge as to the allegations within Paragraph 8 and thereby denies same and demands strict proof thereof.

26. The Village admits the allegations in Paragraph 26.

27. The Village admits the allegations in Paragraph 27.

## FACTS

### Newsgathering in the Village Prior to the Suspended Media Policy[1]

28. The Village is without knowledge as to the allegations within Paragraph 28 and thereby denies same and demands strict proof thereof.

29. The Village is without knowledge as to the allegations within Paragraph 29 and thereby denies same and demands strict proof thereof.

---

[1] The Village merely repeats the Complaint's headings for consistency purposes. Any allegations therein are denied.

3

30. The Village is without knowledge as to the first sentence within Paragraph 30 and thereby denies same and demands strict proof thereof. The Village denies the second sentence of Paragraph 30 as phrased.

31. The Village is without knowledge as to the allegations within Paragraph 31 and thereby denies same and demands strict proof thereof.

**The Suspended Media Policy and Its Effect on the Independent's Newsgathering**

32. The Village admits Paragraph 32 as phrased.

33. The Village is without knowledge as to the allegations within Paragraph 33 and thereby denies same and demands strict proof thereof.

34. The Village is without knowledge as to the allegations within Paragraph 34 and thereby denies same and demands strict proof thereof.

35. The Village is without knowledge as to the allegations within Paragraph 35 and thereby denies same and demands strict proof thereof.

36. The Village denies the allegation in Paragraph 36 and demands strict proof thereof.

37. The Village is without knowledge as to the allegations within Paragraph 37 and thereby denies same and demands strict proof thereof.

38. The Village is without knowledge as to the allegations within Paragraph 38 and thereby denies same and demands strict proof thereof.

39. The Village denies the allegation in Paragraph 39 and demands strict proof thereof.

40. The Village is without knowledge as to the allegations within Paragraph 40 and thereby denies same and demands strict proof thereof.

41. The Village denies the allegation in Paragraph 41 as phrased and demands strict proof thereof.

42. The Village is without knowledge as to the allegations within the first sentence of Paragraph 42 and thereby denies same and demands strict proof thereof.  The Village denies the allegations in the second sentence of Paragraph 42.

43. The Village denies the allegation in Paragraph 43 and demands strict proof thereof.

44. The Village denies the allegation in Paragraph 44 and demands strict proof thereof.

45. The Village denies the allegation in Paragraph 45 and demands strict proof thereof.

## COUNT ONE

### 42 U.S.C. § 1983 – Violation of the First Amendment

46. The Village re-alleges and reincorporates its responses to Paragraphs 1 through 45 as through fully set forth herein.

47. Paragraph 47 is a legal conclusion to which no response is necessary. To the extent a response is necessary, the Village states that holding of *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748 (1976) speaks for itself.

48. The Village denies the allegation in Paragraph 48 and demands strict proof thereof.

49. The Village denies the allegation in Paragraph 49 and demands strict proof thereof.

50. The Village denies the allegation in Paragraph 50 and demands strict proof thereof.

51. The Village denies the allegation in Paragraph 51 and demands strict proof thereof.

52. The Village denies the allegation in Paragraph 52 and demands strict proof thereof.

53. The Village denies the allegation in Paragraph 53 and demands strict proof thereof.

54. The Village denies the allegation in Paragraph 54 and demands strict proof thereof.

The Village denies any of the relief sought in the WHEREFORE clause and demands strict proof thereof.

Any and all allegations not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff lacks standing to assert its First Amendment claim, as there is no Village employee that is ready and willing to speak to Plaintiff.

### Second Affirmative Defense

Plaintiff's claim for declaratory and injunctive relief fails as a matter of law because the challenged policy has been suspended.

### Third Affirmative Defense

Plaintiff's Complaint fails to state a claim because the Suspended Media Policy was a content-neutral policy that advanced an important governmental interests unrelated to the suppression of free speech and did not burden substantially more speech than necessary to further those interests. *See TikTok Inc. v. Garland*, 145 S. Ct. 57, 67 (2025)

### Third Affirmative Defense

In the alternative to the Second Affirmative Defense, Plaintiff's Complaint fails to state a claim because the Suspended Media Policy was narrowly tailored to achieve a compelling government interest, namely the accuracy of disseminated information, and applied the least intrusive means feasible.

### Fourth Affirmative Defense

Plaintiff's Complaint fails to state a claim because the Suspended Media Policy simply regulates access to information—confidential, sensitive, or otherwise—in the hands of the

government. *Los Angeles Police Dep't v. United Reporting Pub. Corp.*, 528 U.S. 32, 40 (1999). The First Amendment does not guarantee the press a constitutional right of special access to information not available to the public generally. *Branzburg v. Hayes*, 408 U.S. 665, 684 (1972).

### Fifth Affirmative Defense

Plaintiff further lacks standing because it lacks an injury-in-fact. Plaintiff was never actually denied information as a result of the Suspended Media Policy. "[T]he right to speak and publish does not carry with it the unrestrained right to gather information." <u>Zemel v. Rusk</u>, 381 U.S. 1, 17 (1965). Plaintiff has not been denied any information to which it would otherwise be entitled.

### Sixth Affirmative Defense

Plaintiff's action lacks subject matter jurisdiction because its First Amendment claims are moot. The Village has suspended the challenged Media Policy, and Plaintiff does not and cannot allege the Suspended Media Policy at risk of being put back into effect.

DATED:     August 29, 2025            Respectfully submitted,

/s/  Anne R. Flanigan
Matthew H. Mandel (FBN 147303)
mmandel@wsh-law.com
lbrewley@wsh-law.com
Anne R. Flanigan (FBN 113889)
aflanigan@wsh-law.com
pgrotto@wsh-law.com
WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
200 East Broward Blvd., Suite 1900
Fort Lauderdale, FL  33301
Telephone: 954-763-4242 | Fax: 954-764-7770

*Counsel for Defendant, Village of Key Biscayne*