UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MIAMI FOURTH ESTATE, INC., *Plaintiff*, v. VILLAGE OF KEY BISCAYNE, *Defendant*. | CASE NO. 1:25-cv-22838-EA |

## JOINT MOTION TO MODIFY SCHEDULING ORDERS

Plaintiff Miami Fourth Estate, Inc. and Defendant Village of Key Biscayne (collectively, "the Parties"), through their respective undersigned counsel, respectfully move to modify the schedule for further proceedings in this matter, *see* ECF Nos. 42, 43, as set forth below.

1. On December 22, 2025, this Court entered a pair of scheduling orders in this matter. The first, governing jurisdictional discovery in particular, provides that the Parties must complete discovery on the issues of standing and mootness on or by February 17, 2026, and contemplates that the Parties brief jurisdiction during the month of March. *See* ECF No. 42. The second, governing the matter as a whole, provides that all fact discovery be completed by July 31, 2026, and that the Parties file dispositive motions by September 21, 2026. *See* ECF No. 43.

2. The Parties respectfully submit that good cause exists to align the discovery and briefing deadlines for jurisdictional issues in this case with the schedule governing the merits. *See Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 733 (11th Cir. 1982) (noting that, "[w]here the jurisdictional issues are intertwined with the substantive merits, the jurisdictional issues should be referred to the merits" (internal citation and quotation marks omitted)).

3.	The Parties anticipate that jurisdictional discovery in this case will overlap substantially with discovery on the merits, both of which will call for discovery related to the existence of any "willing speaker[s]," *Pittman v. Cole*, 267 F.3d 1269, 1283 n.12 (11th Cir. 2001), as well as the Village Manager's reasons for adopting and rescinding the challenged policy.

4.	As a result, the Parties may need to depose all or nearly all of the individuals whose testimony would also be relevant to the merits in order to complete jurisdictional discovery by February 17, 2026, including, but not limited to, Tony Winton, John Pacenti, Steve Williamson, Eric Lang, Jeremy Gauger, Benjamin Nussbaum, Roland Samimy, Todd Hofferberth, and Colleen Durfee.

5.	Given that substantive and practical overlap, bifurcating the discovery and briefing process may lead to a duplication of effort and resource expenditure by the Court and the Parties.

6.	The Parties also anticipate difficulty completing that discovery by February 17, 2026. In light of the prior stay in this case, *see* ECF No. 30, the parties have not yet begun exchanging discovery. In addition, counsel for Plaintiff Grayson Clary is expecting the birth of his first child the week of January 26, 2026, and anticipates being on leave through February 27.

7.	In light of the foregoing, the Parties respectfully move the Court to modify the scheduling orders in this case by vacating the deadlines set out at ECF No. 42 and directing the Parties to address standing and mootness alongside other dispositive issues in their summary-judgment motions due on September 21, 2026, pursuant to the scheduling order at ECF No. 43. This option is preferred by both Parties because it would allow adequate time for the likely extensive discovery required on the issues of standing and mootness, while eliminating the need for duplicative discovery on the merits later on.

8. In the alternative, the Parties respectfully move the Court to extend each of the deadlines set out at ECF No. 43 by 60 days, as set forth below:

    a. The Parties shall complete discovery on the issues of standing and mootness by April 20, 2026;

    b. The Plaintiff shall file its brief on standing and mootness on or by May 4, 2026;

    c. The Defendant shall file a response on or by May 18, 2026;

    d. The Plaintiff's reply, if any, shall be due on or by June 1, 2026.

## CONCLUSION

For the reasons set forth above, the Parties respectfully move this Court to modify the scheduling orders in this case by vacating the discovery and briefing deadlines set out at ECF No. 42, or, in the alternative, to extend each of the deadlines set out at ECF No. 42 by 60 days.

Dated: December 23, 2025

/s/Rachel E. Fugate
Rachel E. Fugate
Florida Bar No. 144029
rfugate@shullmanfugate.com
SHULLMAN FUGATE PLLC
100 South Ashley Drive, Suite 600
Tampa, FL 33602
(813) 935-5098

Grayson Clary*
gclary@rcfp.org
Renee M. Griffin*
rgriffin@rcfp.org
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
(202) 795-9300
*Pro Hac Vice

*Counsel for Plaintiff Miami Fourth Estate, Inc.*

/s/ Anne R. Flanigan
Matthew H. Mandel (FBN 147303)
mmandel@wsh-law.com
Anne R. Flanigan (FBN 113889)
aflanigan@wsh-law.com
WEISS SEROTA HELFMAN COLE
& BIERMAN, P.L.
200 East Broward Blvd., Suite 1900
Fort Lauderdale, FL 33301
Telephone: 954-763-4242

*Counsel for Defendant Village of Key Biscayne*

## CERTIFICATE OF COMPLIANCE WITH
## CM/ECF ADMINISTRATIVE PROCEDURE 3J(3)

Pursuant to CM/ECF Administrative Procedure 3J(3), the undersigned counsel certify that Defendant consented to the filing of this Joint Motion.

/s/ Rachel E. Fugate
Rachel E. Fugate
FBN:144029